UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UMAREX SPORTWAFFEN GMBH & CO KG; CARL WALTHER SPORTWAFFEN GMBH; GLOCK, INC.; and HECKLER & KOCH, INC., <br>    Plaintiffs, <br><br> vs. <br><br> TOYRIFFIC, LLC d/b/a HOBBYTRON.COM, <br>    Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br> 1:09-cv-0797-LJM-DML |

## ENTRY ON MOTION TO TRANSFER

This matter comes before the Court on defendant's, Toyriffic, LLC d/b/a Hobbytron.com ("Toyriffic"), Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or to Transfer Action to Proper Venue (Dkt. No. 54). Pursuant to 28 U.S.C. § 1404(a), Toyriffic requests that the Court transfer this action to the Central District of California for the convenience of the parties and witnesses and in the interest of justice. The plaintiffs, Umarex Sportwaffen GmbH & Co KG ("Umarex"), Carl Walther Sportwaffen GmbH ("Walther"), Glock, Inc. ("Glock"), and Heckler & Koch, Inc. ("HK") (hereafter collectively referred to as "Plaintiffs"), have filed a Notice of Non-Opposition to Defendant's Motion to Transfer (Dkt. No. 71). Plaintiffs submit that this action was properly filed in the Southern District of Indiana, but they do not oppose transfer to the Central District of California if Toyriffic can make the necessary showing under 28 U.S.C. § 1404(a). For the reasons articulated below, the Court **GRANTS** Toyriffic's Motion to Transfer. This ruling **RENDERS MOOT** Toyriffic's Motion to Dismiss for Lack of Personal Jurisdiction.

## I. **BACKGROUND**

Toyriffic sells toys—including toys called "Airsoft" guns—on its Web site Hobbytron.com. Pl.'s Ex. A; Dkt. No. 1 at 1. Toyriffic is a limited liability company with an office and a warehouse in Los, Angeles, California. Def.'s Ex. 5; Dkt. No. 13 at 1. All of the company's employees are located in the Central District of California. Dkt. No. 55 at 3-4. Umarex and Walther are German gun manufacturers, while HK is a Virginia corporation and Glock is incorporated in Georgia. *Id.* at 10. On May 14, 2009, Plaintiffs filed a Complaint in Hamilton Superior Court claiming that Toyriffic infringed their trademarks through the sale of toy guns on Hobbytron.com. *Id.* at 20. The case was removed to this Court, and on July 16, 2009, Toyriffic filed a Motion to Dismiss or in the Alternative to Change Venue to the Southern District of California (Dkt. No. 13). Before that Motion was addressed, the Court remanded the case to the state court due to a default judgment that had not yet been set aside. After the case was removed a second time, on February 3, 2010, Toyriffic filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or to Transfer Action to Proper Venue (Dkt. No. 54)—this time requesting transfer to the Central District of California. While Plaintiffs continue to strongly dispute the allegations made in Toyriffic's motion, "for the purpose of judicial efficiency and in furtherance of resolution of this matter," Plaintiffs have filed notice that they do not oppose Toyriffic's motion seeking to transfer this action to the Central District of California. Pl.'s Notice of Non-Opposition at 1.

## II. DISCUSSION

When jurisdiction and venue are otherwise proper, 28 U.S.C. § 1404(a) authorizes a federal district court to transfer a civil case to any other district or division where it might have been brought for the convenience of the parties and witnesses, and in the interest of justice. Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Id.*

Here, there is no dispute that this case could have been brought in the Central District of California. The issue, then, is in which district the convenience of the parties, the convenience of the witnesses, and the interest of justice will be best served. The Central District of California is clearly and unequivocally more convenient for Toyriffic. The company is a retail business located in Los Angeles, so all of its business records and employees are there. The Court recognizes that California is not particularly convenient for Plaintiffs—since none of Plaintiffs' principal places of business are in California—but at the same time, none of Plaintiffs' principal places of business are located in Indiana either. Furthermore, the fact that Plaintiffs filed notice that they do not oppose Toyriffic's Motion to Transfer is a significant factor in the Court's calculus. Since no factors suggest that any other venue is better suited to hear this case than the Central District of California, the Court finds that the interests of justice will be best served by transferring this action from the Southern District of Indiana to the Central District of California.

### III. CONCLUSION

For the reasons articulated above, the Court **GRANTS** defendant's, Toyriffic, LLC d/b/a Hobbytron.com, Motion to Transfer. The Clerk of the Court shall transfer this action to the United States District Court for the Central District of California. Toyriffic's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED AS MOOT**. The Plaintiffs' Second Motion to Remand and for Sanctions (docket #47) is also **DENIED AS MOOT**.

IT IS SO ORDERED this 28th day of June, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Brian J. McGinnis
CONTINENTAL ENTERPRISES
bmcginnis@ce-ip.com

Jeffrey F. Sax
LAW OFFICES OF JEFFREY F. SAX
jsax@saxlaw.net

Darlene R. Seymour
dseymour@ce-ip.com