1   H. Joseph Nourmand, Esq. (SBN 126925)
2   LAW OFFICES OF H JOSEPH NOURMAND, APC
     660 S. Figueroa Street, 24th Floor
3   Los Angeles, California 90017
     Telephone: (213) 688-2888
4   Telecopier: (213) 688-2848

5
     Attorneys for Defendants,
6   TOYRIFFIC, LLC, dba HOBBYTRON.COM

7
     X-PATENTS, APC
8   JONATHAN HANGARTNER,
     Cal. Bar No. 196268
9   5670 La Jolla Blvd,
     La Jolla, California 92037
10   Telephone:   858-454-4313
11   Facsimile:    858-454-4314
12   Email:  jon@x-patents.com

13
     Darlene R. Seymour (Admitted *Pro Hac Vice*)
14   1292 E. 91st Street
     Telephone: 317-818-0523
15   Email: dseymour@ce-ip.com
16   Attorneys for Plaintiffs
     Heckler & Koch, Inc., Umarex Sportwaffen
17   GmbH & Co KG, Carl Walther Sportwaffen GmbH, and
18   Glock, Inc.

**FILED**
CLERK, U.S. DISTRICT COURT

**JUL 1 1 2011**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

NOTE CHANGES MADE BY THE COURT.

NOTE CHANGES MADE BY THE COURT.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 19 | |
| 20   HECKLER & KOCH, INC., UMAREX SPORTWAFFEN GMBH & CO KG, GLOCK, INC., and CARL WALTHER SPORTWAFFEN GMBH, | Case No. CV 10-4801 RSWL (AGRx) |
| 21 | |
| 22 | **STIPULATED PROTECTIVE ORDER** |
| 23                    Plaintiffs, | |
| 24           v. | |
| 25   TOYRIFFIC, LLC d/b/a HOBBYTRON.COM | |
| 26                    Defendant. | |
| 27 | |
| 28   And Related Counterclaims. | |

1  Plaintiffs and Defendant (collectively, the "Parties"), by and through respective
2  counsel, hereby enter into this Protective Order pursuant to Rule 26(c) of the Federal Rules
3  of Civil Procedure.

### Purpose, Proceedings and Information Governed

5
6  1.    Disclosure and discovery activity in this action are likely to involve the
production of confidential or highly confidential information for which protection from
7  public disclosure and from use for any purpose other than prosecution, defense,
8  intervention, and appeal of this litigation would be warranted.
9  2.    This Order and any amendments or modifications hereto ("Protective Order")
10 shall govern any document, information or other thing furnished by any party, to any other
11 party, and includes non-parties who receive a subpoena in connection with this action. The
   *upon their request,*
12 information protected includes, but is not limited to, answers to interrogatories, answers to
13 requests for admission, responses to requests for production of documents, deposition
14 transcripts and videotapes, deposition exhibits, and other writings or things produced, given
15 or filed in this action that are designated by a party as "Confidential" or "Highly
16 Confidential" in accordance with the terms of this Order, as well as to any copies, excerpts,
17 abstracts, analyses, summaries, descriptions, or other forms of recorded information
18 containing, reflecting, or disclosing such information.
19

### Designation and Maintenance of Information

21 3.    For purposes of this Protective Order, (a) the "Confidential" designation shall
22 mean that the information (regardless of how generated, stored or maintained) or tangible
23 thing is comprised of trade secrets or commercial information which is not publicly known
24 and is of technical or commercial advantage to its possessor, in accordance with Fed. R.
25 Civ. P. 26(c)(1)(g), or other information required by law or agreement to be kept
26 confidential and (b) the "Highly Confidential" designation shall mean that the information
27 (regardless of how generated, stored or maintained) or tangible thing is comprised of
28 information that the producing party deems especially sensitive, which may include, but is

HGR

2
STIPULATED PROTECTIVE ORDER

1  not limited to, confidential research and development, financial, technical, marketing, any

2  other sensitive trade secret information, or information capable of being utilized for the

3  preparation or prosecution of a patent application dealing with such subject matter.

4      4.      Confidential and Highly Confidential information does not include, and this

5  Protective Order shall not apply to, information that is already in the knowledge or

6  possession of the party to whom disclosure is made unless that party is already bound by

7  agreement not to disclose such information, or information that has been disclosed to the

8  public or third persons in a manner making such information no longer confidential.

9      5.      Information in documentary form (apart from deposition transcripts and other

10 pretrial or trial materials), including hard copy information and electronically stored

11 information ("ESI") to be produced in image format (e.g., PDF or TIFF) as opposed to

12 native format, within the scope of paragraph 3(a) above, must be designated by the

13 producing party as containing "Confidential" information by placing on each page and each

14 thing a legend substantially as follows: **CONFIDENTIAL** and/or **CONFIDENTIAL –**

15 **SUBJECT TO PROTECTIVE ORDER**.

16     6.      Information in documentary form (apart from deposition transcripts and other

17 pretrial or trial materials), including hard copy information and ESI to be produced in

18 image format as opposed to native format, within the scope of paragraph 3(b) above must

19 be designated by the producing party as containing "Highly Confidential" information by

20 placing on each page and each thing a legend substantially as follows: **HIGHLY**

21 **CONFIDENTIAL** and/or **HIGHLY CONFIDENTIAL – SUBJECT TO**

22 **PROTECTIVE ORDER**.

23     7.      A party or non-party that makes original hard copy documents or ESI

24 available for inspection prior to production need not designate them for protection until

25 after the inspecting party has indicated which material it would like copied and produced.

26 During the inspection and before the designation, all of the material made available for

27 inspection shall be deemed "Highly Confidential" information. After the inspecting party

28 has identified the information it wants copied and produced, the producing party

1  expeditiously must determine which documents, or portions thereof, qualify for protection

2  under this Order, then, before producing the specified documents, the producing party must

3  affix the appropriate legend on each page that contains protected material.

4       8.    ESI produced in native format or information produced in some form other

5  than documentary, and for any other tangible items, must be designated by the producing

6  party as containing Confidential or Highly Confidential information by affixing on the face

7  of the storage medium or in a prominent place on the exterior of the container or containers

8  in which the information or item is stored, or on the item itself, the appropriate legend. To

9  the extent reasonably practicable, native ESI that constitutes Confidential or Highly

10  Confidential information should be segregated and produced on a separate storage medium

11  that only contains such confidential material. If only portions of the information or item

12  warrant protection, the producing party, to the extent reasonably practicable, shall identify

13  the protected portions, specifying whether they qualify as Confidential or Highly

14  Confidential information.

15       9.    A party may designate information disclosed at a deposition as Confidential

16  or Highly Confidential information by requesting the reporter to so designate the transcript

17  or any portion thereof at the time of the deposition. If no such designation is made at the

18  time of the deposition, any party shall have fourteen (14) calendar days after receipt of a

19  first copy of a transcript of the deposition (no matter whether official, unofficial, certified,

20  etc.) to designate, in writing to the other parties and to the court reporter, whether the

21  transcript is to be designated as Confidential or Highly Confidential information. If no

22  such designation is made at the deposition or within such fourteen (14) calendar day period

23  (during which period, the transcript shall be treated as Highly Confidential information,

24  unless the disclosing party consents to less confidential treatment of the information), the

25  entire deposition will be considered devoid of Confidential or Highly Confidential

26  information. Each party and the court reporter shall attach a copy of any final and timely

27  written designation notice to the transcript and each copy thereof in its possession, custody

28

1    or control, and the portions designated in such notice shall thereafter be treated in
2    accordance with this Protective Order.

3        10.    It is the responsibility of counsel for each party to maintain materials
4    containing Confidential or Highly Confidential information in a secure manner and
5    appropriately identified so as to allow access to such information only to such persons and
6    under such terms as is permitted under this Protective Order.

7
8                        **Inadvertent Failure to Designate**

9        11.    The inadvertent failure to designate or withhold any information as
10   Confidential or Highly Confidential will not be deemed to waive a later claim as to its
11   confidential nature, or to stop the producing party from designating such information as
12   confidential at a later date in writing and with particularity.  The information shall be
13   treated by the receiving party as confidential from the time the receiving party is notified in
14   writing of the change in the designation.

15       12.    To the extent not provided for in Fed. R. Evid. 502, if a producing party
16   through inadvertence produces or provides discovery that it believes is subject to a claim of
17   attorney-client privilege or work product immunity, the party may give written notice to the
18   receiving party that the document is subject to a claim of attorney-client privilege or work
19   product immunity and request that the document be returned to the producing party.  The
20   receiving party shall return to the producing party all copies of such document and shall
21   return or destroy all excerpts and summaries thereof.  Return of the document by the
22   receiving party shall not constitute an admission or concession, or permit any inference,
23   that the returned document is, in fact, properly subject to a claim of attorney-client
24   privilege or work product immunity, nor shall it foreclose the receiving party from moving
25   for an order that such document has been improperly designated as subject to a claim of
26   attorney-client privilege or work product immunity or should be produced for reasons other
27   than a waiver caused merely by the inadvertent production.  The inadvertent disclosure of
28

any privileged or immune documents shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony or evidence.

## **Challenge to Designations**

13.    If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party shall promptly notify all other parties that it is withdrawing the designation and/or redesignating the information or items under another category.

14.    A receiving party may challenge a producing party's designation at any time. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection. The producing party shall then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day timeframe, and after the meet and confer conference required under Local Rule 37.1, the receiving party may at any time thereafter seek a Court order to alter the confidential status of the designated information. The burden of proof in any such challenge proceeding shall be on the producing party to show that such designation and/or protection is warranted.

15.    Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

## **Disclosure and Use of Confidential Information**

16.    Information designated as Confidential or Highly Confidential information may only be used for purposes of preparation, trial and appeal of this action. Confidential

1    or Highly Confidential information may not be used under any circumstances for
2    prosecuting any patent application, for patent licensing or for any other purpose.

3        17.    Subject to paragraph 19 below, Confidential information may be disclosed by
4    the receiving party only to the following individuals provided that such individuals are
5    informed of the terms of this Protective Order:

6            (a)    the receiving party's outside counsel, identified below, as well as
7    supporting personnel of said counsel, such as associates, paralegals, legal secretaries, data
8    entry clerks, legal clerks and private photocopying services, to whom it is reasonably
9    necessary to disclose the information for this litigation:

10                Plaintiffs:    Jonathan Hangartner and Continental Enterprises;

11                Defendant:    H.J. Nourmand, Jeffrey W. Griffith and David Pourati

12            (b)    any officer, director, in-house counsel or other employee of the
13    receiving party to whom disclosure is reasonably necessary for this litigation and who have
14    signed the "Confidentiality Agreement for Expert, Consultant or Employees of Any Party"
15    (Exhibit A):

16            (c)    experts or consultants of the receiving party to whom disclosure is
17    reasonably necessary for this litigation and who have signed the "Confidentiality
18    Agreement for Expert, Consultant or Employees of Any Party" (Exhibit A);

19            (d)    any persons not employed by any party this lawsuit requested by
20    counsel to furnish services such as document coding, image scanning, mock trial, jury
21    profiling, translation services, court reporting services, demonstrative exhibit preparation,
22    or the creation of any computer database from documents; and,

23            (e)    the Court, as discussed in paragraph 24.

24        18.    Subject to paragraph 19 below, Highly Confidential information may be
25    disclosed by the receiving party only to the following individuals provided that such
26    individuals are informed of the terms of this Protective Order:

27            (a)    the receiving party's outside counsel, identified above, as well as
28    supporting personnel of said counsel, such as paralegals, legal secretaries, data entry clerks,

1   legal clerks and private photocopying services, to whom it is reasonably necessary to

2   disclose the information for this litigation;

3          (b)    experts or consultants of the receiving party to whom disclosure is

4   reasonably necessary for this litigation and who have signed the "Confidentiality

5   Agreement for Expert, Consultant or Employees of Any Party" (Exhibit A);

6          (c)    any persons not employed by any party to this lawsuit requested by

7   counsel to furnish services such as document coding, image scanning, mock trial, jury

8   profiling, translation services, court reporting services, demonstrative exhibit preparation,

9   or the creation of any computer database from documents; and

10         (d)    the Court, as discussed in paragraph 24.

11       19.    Further, prior to disclosing Confidential or Highly Confidential information

12  to a receiving party's proposed experts or consultants, the receiving party shall provide to

13  the producing party a signed Confidentiality Agreement in the form attached as Exhibit A,

14  the resume or curriculum vitae of the proposed experts or consultants, the experts' or

15  consultants' business affiliation, and any current and past consulting relationships in the

16  industry.  The producing party shall thereafter have ten (10) business days from receipt of

17  the Confidentiality Agreement to object to any proposed individual.  Such objection must

18  be made for good cause and in writing, stating with particularity the reasons for objection.

19  Failure to object within ten (10) business days shall constitute approval.  If the parties are

20  unable to resolve any objection, the receiving party may apply to the Court to resolve the

21  matter.  There shall be no disclosure to any proposed individual during the ten (10)

22  business day objection period, unless that period is waived by the producing party, or if any

23  objection is made, until the parties have resolved the objection, or the Court has ruled upon

24  any resultant motion.

25       20.    Counsel shall be responsible for the adherence by third-party vendors to the

26  terms and conditions of this Protective Order.  Counsel may fulfill this obligation by

27  obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

28

21.     Confidential or Highly Confidential information may be disclosed to a person not already allowed access to such information under this Protective Order if:

(a)     the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

(b)     the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c)     counsel for the party designating the material agrees that the material may be disclosed to the person.  In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information.  Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

22.     If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately:  (a) notify in writing the producing party or non-party of the unauthorized disclosures;  (b) use commercially reasonable efforts to retrieve all copies of the protected material;  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, if appropriate.

**Non-Party Information**

23.     The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things or testimony confidential pursuant to this Protective Order.

## Filing Documents With the Court

24.    No Confidential or Highly Confidential information may be included in a document publicly filed with the Court (including documents filed electronically) unless the Court so orders.  In the event that any party wishes to submit confidential information to the Court, pursuant to Local Rule 79-5.1, the party seeking to file any document under seal must present to the Court a written application and proposed order along with the document for filing under seal. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope (see sample attachment).  The original shall be placed in a separate envelope with a copy of the title page attached to the front of the envelope designated as "ORIGINAL". The copy shall also be placed in a separate envelope with a copy of the title page attached to the front of the envelope designated as "COPY".

Application and Orders to Seal, along with the document to be placed under seal, shall not be electronically filed but shall be filed traditionally in the manner prescribed by Local Rule 79-5. Attorneys filing a document under this provision shall file electronically a Notice of Manual Filing (form G-92).

If a Notice of Filing/Lodging Under Seal is submitted for filing, the sealed document must be presented in its proper form at the same time the Notice is filed. Counsel must submit either a copy of the protective order or, under the case number of the title page, type "Filed Under Seal Pursuant To Protective Order Dated _____."

## No Prejudice

25.    Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular confidential information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court

1    that particular materials be produced; (d) prejudice the rights of a party to apply to the

2    Court for further protective orders; or (e) prevent the parties from agreeing in writing to

3    alter or waive the provisions or protections provided for herein with respect to any

4    particular information or material.

5                            **Conclusion of Litigation**

6    

7         26.    Within sixty (60) calendar days after final judgment in this action, including

8    the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to

9    a settlement agreement, and upon written request to counsel for the receiving party, each

10   party or other person subject to the terms of this Protective Order shall be under an

11   obligation to destroy or return to the producing party all materials and documents

12   containing Confidential information or Highly Confidential information, and to certify to

13   the producing party such destruction or return. However, outside counsel for any party shall

14   be entitled to retain all court papers, trial transcripts, exhibits and attorney work product

15   provided that any such materials are maintained and protected in accordance with the terms

16   of this Protective Order.

17                            **Other Proceedings**

18        27.    By entering this Order and limiting the disclosure of information in this case,

19   the Court does not intend to preclude another court from finding that information may be

20   relevant and subject to disclosure in another case.  Any person or parties subject to this

21   Protective Order that may be subject to a motion to disclose another party's information

22   designated Confidential pursuant to this Protective Order, shall promptly notify that party

23   of the motion so that it may have an opportunity to appear and be heard on whether that

24   information should be disclosed.

25                            **Remedies**

26        28.    ~~It is Ordered by the Court that~~ Violation of this Protective Order ~~will be enforced by the~~ may subject the violator to

27   

28   sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other

1 sanctions as may be available to the Court, including the power to hold parties or other

2 violators of this Protective Order in contempt.   All other remedies available to any

3 person(s) injured by a violation of this Protective Order are fully reserved.

4      29. Any party may petition the Court for good cause shown, in the event such

5 party desires relief from a term or condition of this Order.

6

7 Dated: June 22, 2011              /s/Jonathan Hangartner

8                                    JONATHAN HANGARTNER (SBN 196268)
X-PATENTS, APC

9                                    5670 La Jolla Blvd.
La Jolla, CA  92037 Email: jon@x-patents.com

10

11                                    DARLENE R. SEYMOUR (*pro hac vice*)
1292 E. 91st Street

12                                    Indianapolis, Indiana  46240
Email: dseymour@ce-ip.com

13

14                                    Attorneys for Plaintiffs

15

16 Dated: June 22, 2011              /s/H. Joseph Nourmand

17                                    H. JOSEPH NOURMAND (SBN 126925)
LAW OFFICES OF H. JOSEPH NOURMAND,

18                                    A PROFESSIONAL CORPORATION
660 S. Figueroa Street, 24th Floor

19                                    Los Angeles, California 90017
Email: hjnourmand@nourmandlaw.com

20

21                                    Attorney for Defendant

22

23 IT IS SO ORDERED.

24

25                                    Alicia G. Rosenberg

26                                    UNITED STATES ~~DISTRICT~~ JUDGE
                                      MAGISTRATE

27

28

# Exhibit A

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECKLER & KOCH, INC., UMAREX SPORTWAFFEN GMBH & CO KG, GLOCK, INC., AND CARL WALTHER SPORTWAFFEN GMBH, | Case No. CV10-4801 RSWL (AGRx) |
| Plaintiffs, | |
| v. | |
| TOYRIFFIC, LLC D/B/A HOBBYTRON.COM | |
| Defendant, | |
| And Related Counterclaims. | |

# Exhibit A

**Confidentiality Agreement for Expert, Consultant or Employees of Any Party**

1.    I, _____, have read the foregoing Protective Order governing treatment of Confidential Information, dated the ___ day of July, 2011, and agree to be bound by its terms with respect to any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY that are furnished to me as set forth in the Protective Order.

2.    I further agree (a) not to disclose to anyone information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY other than as set forth in the Protective Order; and (b) not to make any copies of any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY furnished to me except in accordance with the Protective Order.

3.    I hereby consent to the jurisdiction of the United States District Court for the Central District of California, with respect to any proceedings to enforce the terms of the Protective Order.

4.     I hereby agree that any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY furnished to me will be used by me only for the purposes of the action entitled *Heckler & Koch, Inc. et al. v. Toyriffic LLC d/b/a Hobbytron.com*, Cause No. CV10-4801 RSWL (AGRx) pending in the United States District Court for the Central District of California, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.


Dated this the ___ day of _____, 20__       By: _____
                                                              *[Signature]*


                                                        _____
                                                              *[Printed Name]*

# EXHIBIT B

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECKLER & KOCH, INC., UMAREX SPORTWAFFEN GMBH & CO KG, GLOCK, INC., AND CARL WALTHER SPORTWAFFEN GMBH,<br><br>Plaintiffs,<br><br>v.<br><br>TOYRIFFIC, LLC D/B/A HOBBYTRON.COM<br><br>Defendant, | Case No. CV10-4801 RSWL (AGRx) |
| And Related Counterclaims. | |

## **Exhibit B**

### Confidentiality Agreement for Third Party Vendor

1.      I, _____, have read the foregoing Protective Order governing treatment of Confidential Information, dated the ___ day of July, 2011, and agree to be bound by its terms with respect to any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY that are furnished to me as set forth in the Protective Order.

2.      I further agree (a) not to disclose to anyone information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY other than as set forth in the Protective Order; and (b) not to make any copies of any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY furnished to me except in accordance with the Protective Order.

3.      I hereby consent to the jurisdiction of the United States District Court for the Central District of California, with respect to any proceedings to enforce the terms of the Protective Order.

4.    I hereby agree that any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY furnished to me will be used by me only for the purposes of the action entitled *Heckler & Koch, Inc. et al. v. Toyriffic LLC d/b/a Hobbytron.com*, Cause No. CV10-4801 RSWL (AGRx) pending in the United States District Court for the Central District of California, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.

Dated this the ___ day of _____, 20__        By: _____

                                                                                *[Signature]*

                                                                _____

                                                                  *[Printed Name]*

Heckler & Koch, Inc., et al. v. Toyriffic, LLC d/b/a/ Hobbytron.Com
Case No. CV 10-4801-RSWL (AGRx)

### CERTIFICATE OF SERVICE

I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 5670 La Jolla Boulevard, La Jolla, CA  92037.

On July 6, 2011 a true and correct copy of an **AMENDED NOTICE OF ERRATA** was served to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile, U.S. Mail and/or overnight delivery.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 6, 2011, at La Jolla, California.


Bethany R. Greene